UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                                          No. 01-4093

JACOB WALKER HUGHES, III,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-236)

Submitted: October 17, 2001

Decided: October 30, 2001

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Michael A. Grace, GRACE, HOLTON, TISDALE & CLIFTON,
P.A., Winston-Salem, North Carolina, for Appellant. Benjamin H.
White, Jr., United States Attorney, Paul A. Weinman, Assistant
United States Attorney, Winston-Salem, North Carolina, for Appel-
lee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Jacob Walker Hughes, III, pled guilty to one count of bank robbery by use of a dangerous weapon, in violation of 18 U.S.C.A. §§ 2113(d), 2 (West 2000); and one count of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C.A. §§ 924(c)(1)(A)(ii), 2 (West 2000). He appeals his sentence.

Hughes' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), alleging that the district court erred in failing to award Hughes a downward departure from the term of imprisonment calculated under the Sentencing Guidelines[1] based upon Hughes' assistance to the Government. Hughes has not filed a pro se supplemental brief, despite being advised of his right to do so.[2]

This court has held that a departure on the grounds of substantial assistance to the government first requires that the government file a motion for the court to depart. *See United States v. Schaefer*, 120 F.3d 505, 508 (4th Cir. 1997). The Supreme Court held in *Wade v. United States*, 504 U.S. 181 (1992), that district courts may review a prosecu-

---

[1]*U.S. Sentencing Guidelines Manual* (2000).

[2]After counsel filed notice of appeal, Hughes filed in the district court a document styled "A motion for Rule 35 5K1 Substantial Assistance." In this document, Hughes alleged counsel was ineffective for failing to mention or file a motion for a downward departure based on the assistance he provided authorities by giving information on the involvement of his co-defendants in other bank robberies. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal, but should be raised in a motion to vacate under 28 U.S.C.A. § 2255 (West Supp. 2001). Because the record does not conclusively show that counsel was ineffective, we decline to review this claim. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997); *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994).

tor's refusal to file a substantial assistance motion to determine whether the refusal is based on an unconstitutional motive. *Id.* at 185-86. In order to invoke this review, however, a defendant must do more than make "generalized allegations of improper motive"—he must make a "substantial threshold showing." *Id.* at 186. A request for downward departure was not presented to the district court by either party in this case, and our review of the record discloses no evidence that the failure of the Government to raise the issue of substantial assistance was based on an improper motive.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Therefore, we affirm Hughes' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*